## Chester Johnson vs. Daniel Anthony.

*Motion by plaintiff to set aside the default of plaintiff entered by defendant for not replying.*—The plaintiff obtained an order from the circuit judge to extend his time to reply to defendant's special pleas, until the 2d May, 1845. On the 30th April, plaintiff's attorney, (who resi-

ded at Union village, Washington county,) sent his affidavits and papers to his agent at Albany, to have plaintiff's default entered for not replying, on the 2d May, which was done accordingly. On the 1st May, plaintiff's attorney, (who resided at Troy) served on defendant's attorney an order of the circuit judge, dated May 1st, enlarging the time to reply twenty days, by putting the same in the post office, directed to defendant's attorney, and paying postage thereon, which was received by defendant's attorney in the afternoon of the 2d May, and appeared post marked at Troy on the 2d May; that from the post mark it would appear that the letter was put in the post office on the 2d of May or that it was put in on the 1st of May after the mail had closed for the place of destination of the letter. Defendant's counsel insisted that the service was irregular, and cited *Howard's Special Term Reports, No. 3, p.* 87 *Maher vs. Comstock, et al.* Plaintiff's counsel insisted that the service was regular, that it was sworn to positively that the letter was put into the post office on the 1st, the postage paid, and was enclosed in an envelope, and there was nothing appeared to show when the mail closed.

J. A. MILLARD, *Plff's Counsel.*   J. A. MILLARD, *Plff's Atty.*
N. HILL, JR., *Defts Counsel.*   C. F. INGALLS, *Defts Atty.*

JEWETT, Justice.—This case does not come within the decision cited by defendant's counsel. In that case it was shown at what hour the mail closed, and that the service was made after that hour, &c. The plaintiff seems to be regular and the motion must be granted.

*Decision.*—Motion granted with $10 costs.